**PARIS GROCER CO. v. PIRTLE et al.**
(No. 3180.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 4, 1926.)

**1. Homestead ⬤⟶57(3)—Evidence on claim of homestead exemptions held to support finding that Johntown was town or village prior to and at date of levy of attachment writ.**

Evidence on claim of homestead exemptions *held* to support finding that Johntown, in which defendants lived, was a town or village prior to and at the date of the levy of attachment writ.

**2. Homestead ⬤⟶57(3).**

Uncontradicted evidence that defendants occupied *village residence held* not to support contrary finding by jury or to warrant setting apart rural homestead.

Appeal from District Court, Red River County; R. J. Williams, Judge.

Action on account by the Paris Grocer Company against T. J. Pirtle and others. Judgment for defendants, and plaintiff appeals. Reformed, and as so reformed affirmed.

A. P. Park, of Paris, and Austin Dodd, of Dallas, for appellant.

Chas. Roach and Sturgeon & Wiygul, all of Paris, and T. T. Thompson, of Clarksville, for appellees.

LEVY, J. The suit is by the Paris Grocer Company against T. J. Pirtle and J. L. and T. L. Pirtle on a sworn itemized account. A writ of attachment was sued out and levied upon eight parcels of land in the village of Johntown, and upon 114¾ acres of land located 2½ miles from Johntown. The petition sought to hold J. L. and T. L. Pirtle as partners in the mercantile business at Johntown with T. J. Pirtle. The account sued upon represented merchandise sold and delivered to the mercantile business operated under the name of T. J. Pirtle.

The defendants denied the partnership, and specially claimed that two of the tracts of land attached were the homestead of T. L. Pirtle, and five of the tracts attached were the homestead of J. L. Pirtle. Mrs. T. J. Pirtle filed a plea of intervention claiming the 114¾-acre tract seized under attachment as the homestead of herself and T. J. Pirtle.

The case was submitted to the jury on special issues and in keeping with their findings a judgment was entered in favor of the plaintiff against T. J. Pirtle for the amount of the debt sued for with foreclosure of the attachment lien on four of the parcels of land levied upon, and dissolving the attachment as to the remaining tracts levied upon, including the 114¾ acres of land.

The question on appeal for review pertains entirely to whether or not the 114¾ acres of land was the homestead of T. J. Pirtle and wife and therefore exempt from attachment. In that respect the court submitted to the jury, and they answered, the following questions:

"Q. No. 3. Was Johntown a town or village prior to and at the date of the levy of the attachment writ? Answer: Yes.

"Q. No. 4. Did T. J. Pirtle live in and occupy as his home a house situated in Johntown at the date of the levy of the attachment on March 25, 1924? Answer: No."

[1, 2] Upon these findings of the jury the court concluded under the evidence that the 114¾ acres was the homestead of T. J. Pirtle and his wife, M. T. Pirtle. The evidence amply supports the finding of the jury, and it is conceded that Johntown was a village or town. In fact, all the evidence is one way. It was shown that between 75 and 100 people lived there. There were a number of residences located upon small parcels of land, in rather compact form and after a regular plan on roads or streets. There was a schoolhouse, post office, church, and two mercantile establishments. But the evidence is entirely to the contrary, and wholly fails to support the finding of the jury on question 4. T. J. Pirtle and his wife did live in the house in Johntown as their home.

It was proven that T. J. Pirtle owned and actively conducted one of the stores in Johntown, located upon a lot owned by him, and had been in that business for about four years up to the suit. T. J. Pirtle and wife had been living at Rosalie, Tex., before removal to Johntown about 7 years before the date of this trial. At the time of his removal to Johntown T. J. Pirtle purchased several small tracts in Johntown, varying in size from seven-eighths of an acre to 4 acres, and the 114¾ acres 2½ miles from Johntown. Upon two of the tracts, aggregating an acre, was located a 4-room residence, situated about 75 yards from the storehouse. Upon another tract, consisting of 4 acres, was a residence about 300 yards distant from the storehouse. There are no houses or improvements on the other tracts. In the first mentioned residence J. L. Pirtle and his wife lived, occupying same as a homestead. In the last mentioned residence T. L. Pirtle and his wife lived, and the father and mother, T. J. Pirtle and his wife, resided in the same house with them. The title to the tracts of land on which the two residences are situated was in T. J. Pirtle, and he rendered them for taxes and paid the taxes.

A few days before the attachment in suit

---

(280 S.W.)

was issued T. J. Pirtle conveyed the lands on which the residences were situated to his two sons, named above. The deeds were not registered before the attachment issued. The uncontradicted evidence shows that T. J. Pirtle and his wife made their home and lived in the residence in Johntown with T. L. Pirtle and his wife. They all lived there together, occupying the residence as a home. The 114¾ acres was never occupied and used as a home by T. J. Pirtle and wife. T. J. Pirtle made a crop on the land one year shortly after purchasing it, but it affirmatively appears that he did not change his residence from the residence in Johntown, and has continuously resided with his family in this residence, using it as a home. He was a merchant, and not a farmer, as he says. And with the exception of the one year stated, he has continuously rented out the 114¾ acres as a source merely of income, using and occupying the residence in Johntown as his home. After the conveyance of the town residences to his sons, T. L. and J. L. Pirtle, there is an absence of acts of control and possession of the 114¾ acres by T. J. Pirtle to the date of the attachment evidencing any purpose and intention to occupy the 114¾ acres as a' home. If the residence in Johntown, used and occupied by T. J. Pirtle and his wife, was exempt from the attachment as a homestead, as it was, then the 114¾ acres was not the homestead, and it was subject to the attachment lien.

The judgment is reformed so as to award a foreclosure of the attachment lien on the 114¾ acres, and as so reformed, will then be in all things affirmed.

The costs of appeal will be taxed against T. J. Pirtle.